UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARISOL MARQUEZ, a minor by LOURDES CUSTODIO her mother and next friend; and LOURDES CUSTODIO, | ) ) ) ) | FILED: SEPTEMBER 4, 2008<br>08CV5052<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE SCHENKIER |
| Plaintiff, | ) ) | No. |
| v. | ) ) | CH |
| SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, E. CHARLES LAMPLEY, M.D., BARBARA ALIF, C.N.M., | ) ) ) ) ) ) | Formerly case No. 08 L 004510, Circuit Court of Cook County, Illinois. |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:    Dorothy Brown                          Randy Gudmundson
       Clerk of the Circuit Court of Cook       Kominiarek, Bresler, Haruic
       County                                  33 North Dearborn, Suite 700
       Law Division, Room 801                  Chicago, Illinois 60602
       Richard J. Daley Center
       Chicago, Illinois 60602

                                              Marilee Clausing
                                              Sandra Power
       Robert M. Romero, P.C.                 Anderson Rasor & Partners
       180 North Stetson, Suite 1350          55 East Monroe, Suite 3650
       Chicago, Illinois 60601                Chicago, Illinois 60603

The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action from

the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of

Illinois, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and in support thereof

states the following:

1.      On April 24, 2008, plaintiffs Marisol Marquez, a minor, by and through her mother and next friend Lourdes Custodio, and Lourdes Custodio, individually, commenced the above civil action against E. Charles Lampley, M.D. and Barbara Alif, C.N.M., Mt. Sinai Hospital Medical Center, and Mt. Sinai Medical Group in the Circuit Court of Cook County, Illinois, alleging medical malpractice.  At all relevant times, E. Charles Lampley, M.D., and Barbara Alif, C.N.M., were employees of Access Community Health Network, a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.  Copies of all process, pleadings, and orders served upon the defendants are attached pursuant to 28 U.S.C. § 1446(a) as Exhibit A.

2.      Pursuant to the FTCA, a notice of removal may be filed without bond at any time before trial.  28 U.S.C. § 2679(d)(2).  Trial has not yet been had in this action.

3.      This notice of removal is filed in accordance with 28 U.S.C. § 2679(d) upon certification by the designee of the Attorney General of the United States, that the defendants E. Charles Lampley, M.D., and Barbara Alif, C.N.M., were acting within the scope of their employment as federal government employees at the time of the incident out of which the claim arose.  Exhibit B.

4.      Pursuant to the Certification by the Attorney General's designee and the filing of this notice of removal, this civil action shall be deemed an action against the United States under 28 U.S.C. § 2679, and the United States shall be substituted as the sole federal party defendant in lieu of  E. Charles Lampley, M.D., and Barbara Alif, C.N.M.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 2679(d), and the Unites States is substituted as the sole defendant in lieu of E. Charles Lampley, M.D., and Barbara Alif, C.N.M.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Daniel M. Tardiff
    DANIEL M. TARDIFF
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    daniel.tardiff@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

### NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail September 4, 2008, to the following non-ECF filers:

Dorothy Brown
Clerk of the Circuit Court of Cook County
Law Division, Room 801
Richard J. Daley Center
Chicago, Illinois 60602

Robert M. Romero, P.C.
180 North Stetson, Suite 1350
Chicago, Illinois 60601

Randy Gudmundson
Kominiarek, Bresler, Haruic
33 North Dearborn, Suite 700
Chicago, Illinois 60602

Marilee Clausing
Sandra Power
Anderson Rasor & Partners
55 East Monroe, Suite 3650
Chicago, Illinois 60603

By:  s/ Daniel M. Tardiff
     DANIEL M. TARDIFF
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 886-1390
     daniel.tardiff@usdoj.gov

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | CH |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

MARISOL MARQUEZ, a minor by LOURDES CUSTODIO
her mother and next friend; and LOURDES CUSTODIO

v.

SINAI MEDICAL GROUP, ET AL. (SEE ATTACHED)

No. _____

Please Serve:
E. CHARLES LAMPLEY, M.D.
2720 West 15th Street
Chicago, Illinois 60608

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __43664__

Name: __Robert M. Romero, P.C.__

Atty. for: __Plaintiff__

Address: __180 N. Stetson  Suite 3150__

City/State/Zip: __Chicago, Illinois 60601__

Telephone: __(312) 856-0600__

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ APR 2 4 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*Exhibit A*

43664

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARISOL MARQUEZ, a minor,     )
by LOURDES CUSTODIO,     )
her mother and next friend; and     )
LOURDES CUSTODIO, Individually,     )
    )
        Plaintiffs,     )
    )      No.
    )
    v.     )
    )
SINAI MEDICAL GROUP,     )
MOUNT SINAI HOSPITAL MEDICAL )
CENTER OF CHICAGO d/b/a     )
MOUNT SINAI HOSPITAL     )
E. CHARLES LAMPLEY, M.D.     )
BARBARA ALIF, C.N.M.     )
    )
    )

## COMPLAINT AT LAW

NOW COME plaintiffs, MARISOL MARQUEZ, a minor, by LOURDES

CUSTODIO, her mother and next friend, and LOURDES CUSTODIO individually, by

and through their attorneys, ROBERT M. ROMERO, P.C., and complaining of the

defendants, SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL

CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL (hereinafter referred to as

"MOUNT SINAI HOSPITAL"), E. CHARLES LAMPLEY, M.D., and BARBARA

ALIF, C.N.M., upon information and belief, state as follows:

*Exhibit A*

## COUNT I – NEGLIGENCE
## MOUNT SINAI HOSPITAL

NOW COMES plaintiff, MARISOL MARQUEZ, a minor, by LOURDES CUSTODIO, her mother and next friend, and for Count I of her Complaint at Law against defendant, MOUNT SINAI HOSPITAL, states as follows:

1.     On and before January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL was an Illinois Corporation, licensed to do business in the state of Illinois.

2.     On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL operated a general hospital licensed by the State of Illinois in the City of Chicago.

3.     On January 27, 2005, LOURDES CUSTODIO was admitted to MOUNT SINAI HOSPITAL, as an obstetric patient.

4.     On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL undertook to and did, grant certain hospital privileges to certain physicians, including Defendant, Dr. E. CHARLES LAMPLEY (hereinafter referred to as "DR. LAMPLEY").

5.     On January 29, 2005, and at all times material, DR. LAMPLEY provided medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, at MOUNT SINAI HOSPITAL.

6.     That while providing medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, DR. LAMPLEY was doing so as an employee, agent, and/or ostensible agent of MOUNT SINAI HOSPITAL.

*Exhibit A*

7.    On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL, undertook to and did employ and supervise obstetrical nursing and midwife staff including BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, to provide nursing and midwife care and treatment to patients, including LOURDES CUSTODIO and MARISOL MARQUEZ.

8.    On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL provided certain facilities including Labor Room, Delivery Room, and Nursery for patients, including LOURDES CUSTODIO and MARISOL MARQUEZ.

9.    On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL provided certain instruments, drugs, and diagnostic services to patients, including LOURDES CUSTODIO and MARISOL MARQUEZ.

10.    On January 29, 2005, LOURDES CUSTODIO gave birth to a female infant, minor plaintiff, MARISOL MARQUEZ.

11.    During the delivery of MARISOL MARQUEZ, MARISOL MARQUEZ developed shoulder dystocia.

12.    During the delivery of MARISOL MARQUEZ, MARISOL MARQUEZ suffered brachial plexus injury.

13.    During the delivery of MARISOL MARQUEZ, MARISOL MARQUEZ' shoulder remained entrapped for more than seven minutes.

14.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, MOUNT SINAI HOSPITAL, by and through its agents, employees and ostensible agents, including, but not limited to, DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, had a duty

*Exhibit A*

to possess and apply the knowledge and use the skill and care which reasonably well-qualified obstetrical nurses, nurse midwives and obstetricians would use in cases like the plaintiffs'.

15.    MOUNT SINAI HOSPITAL, by and through its agents, employees and ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had a family history of diabetes.

16.    MOUNT SINAI HOSPITAL, by and through its agents, employees and ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had diabetes associated with the subject pregnancy.

17.    MOUNT SINAI HOSPITAL, by and through its agents, employees and ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had two prior deliveries with large for gestational age babies.

18.    MOUNT SINAI HOSPITAL, by and through its agents, employees and ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had had two prior macrosomic babies.

19.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, MOUNT SINAI HOSPITAL, by and through its employees, agents, and ostensible agents, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, was negligent in one or more of the following respects:

      a.    Failed to adequately assess fetal weight in a mother with poorly controlled gestational diabetes;

      b.    Failed to adequately assess fetal weight in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

*Exhibit A*

c.   Failed to adequately assess fetal weight prior to delivery where prior studies showed estimated fetal weight equal to or greater than the 90th percentile and rapidly increasing;

d.   Failed to perform a caesarean delivery of a baby when it was known, or should have been known, to be a high risk pregnancy;

e.   Failed to perform a caesarean delivery in a mother with known poorly controlled gestational diabetes;

f.   Failed to perform a caesarean delivery in a mother carrying what he knew or should have known was a large for gestational age baby;

g.   Failed to perform a caesarean delivery in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

h.   Failed to adequately supervise hospital staff to prevent attempted vaginal delivery in what he knew or should have known was a high risk pregnancy;

i.   Failed to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife in what he knew or should have known was a high risk pregnancy; and

j.   Failure to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife of what he knew or should have known was a large for gestational age baby.

20.   As a proximate result of one or more of the foregoing negligent acts or omissions of MOUNT SINAI HOSPITAL, by and through its agents, ostensible agents, employees and staff, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, the minor Plaintiff, MARISOL MARQUEZ was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

*Exhibit A*

21.    Plaintiffs attach their Certification in compliance with 735 ILCS 5/2-622. (See Exhibit "A", attached hereto).

WHEREFORE, Plaintiff, MARISOL MARQUEZ, by LOURDES CUSTODIO, her mother and next friend, demands judgment against defendant, MOUNT SINAI HOSPITAL, in an amount of money in excess of $50,000, together with the costs of this action.

**COUNT II – NEGLIGENCE**
**MOUNT SINAI HOSPITAL**

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count II of her Complaint at Law against defendant, MOUNT SINAI HOSPITAL, states as follows:

1-18. Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-18 of Count I of this Complaint at Law as and for paragraphs 1-18 of Count II of this Complaint at Law.

19.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, MOUNT SINAI HOSPITAL, by and through its employees, agents, and ostensible agents, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, was negligent in one or more of the following respects:

a.    Failed to adequately assess fetal weight in a mother with poorly controlled gestational diabetes;

b.    Failed to adequately assess fetal weight in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

c.    Failed to adequately assess fetal weight prior to delivery where prior studies showed estimated fetal weight equal to or greater than the 90th percentile and rapidly increasing;

*Exhibit A*

d.     Failed to perform a caesarean delivery of a baby when it was known, or should have been known, to be a high risk pregnancy;

e.     Failed to perform a caesarean delivery in a mother with known poorly controlled gestational diabetes;

f.     Failed to perform a caesarean delivery in a mother carrying what he knew or should have known was a large for gestational age baby;

g.     Failed to perform a caesarean delivery in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

h.     Failed to adequately supervise hospital staff to prevent attempted vaginal delivery in what he knew or should have known was a high risk pregnancy;

i.     Failed to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife in what he knew or should have known was a high risk pregnancy; and

j.      Failure to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife of what he knew or should have known was a large for gestational age baby.

20.     As a proximate result of one or more of the foregoing negligent acts or omissions of MOUNT SINAI HOSPITAL, by and through its agents, employees, agents and ostensible agents including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, LOURDES CUSTODIO was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

21.     Plaintiffs attach their Certification in compliance with 735 ILCS 5/2-622. (See Exhibit "A", attached hereto).

*Exhibit A*

WHEREFORE, Plaintiff, LOURDES CUSTODIO, demands judgment against defendant, MOUNT SINAI HOSPITAL, in an amount of money in excess of $50,000, together with the costs of this action.

## COUNT III
## FAMILY EXPENSE ACT
## MOUNT SINAI HOSPITAL

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count III of her Complaint at Law against defendant, MOUNT SINAI HOSPITAL, states as follows:

1-20. Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-20 of Count I of this Complaint at Law as and for paragraphs 1-20 of Count III of this Complaint at Law.

21.    Plaintiff, MARISOL MARQUEZ is a minor and plaintiff, LOURDES CUSTODIO, is her lawful parent and legal guardian and as such has become liable for substantial medical and care-taking expenses arising out of MARISOL MARQUEZ' injuries. The above    erenced expenses are expenses within the meaning of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, plaintiff, LOURDES CUSTODIO, individually, demands judgment against defendant, MOUNT SINAI HOSPITAL in an amount of money in excess of $50,000 together with the costs of this action.

## COUNT IV – NEGLIGENCE
## SINAI MEDICAL GROUP

NOW COMES plaintiff, MARISOL MARQUEZ, a minor, by LOURDES CUSTODIO, her mother and next friend, and for Count IV of her Complaint at Law against defendant, SINAI MEDICAL GROUP, states as follows:

*Exhibit A*

1.    On and before January 29, 2005, and at all times material, SINAI MEDICAL GROUP, was an Illinois Corporation, licensed to do business in the state of Illinois.

2.    On January 29, 2005, and at all times material, SINAI MEDICAL GROUP, was a medical group licensed by the State of Illinois in the City of Chicago.

3.    On January 27, 2005, LOURDES CUSTODIO was admitted to MOUNT SINAI HOSPITAL, as an obstetric patient.

4.    On January 29, 2005, and at all times material, Dr. E. CHARLES LAMPLEY (hereinafter referred to as "DR. LAMPLEY") was an agent and or employee of SINAI MEDICAL GROUP.

5.    On January 29, 2005, and at all times material, DR. LAMPLEY provided medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, at MOUNT SINAI HOSPITAL.

6.    While providing medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, a minor, DR. LAMPLEY was doing so as an employee, agent, and/or ostensible agent of SINAI MEDICAL GROUP.

7.    On January 29, 2005, and at all times material, SINAI MEDICAL GROUP undertook to and did employ and supervise obstetrical nursing and midwife staff and obstetricians, including BARBARA ALIF, CHIDINMA ONYEACHONAM, TUNISIA EVANS, and DR. LAMPLEY to provide obstetric, nursing and midwife care and treatment to patients, including LOURDES CUSTODIO and MARISOL MARQUEZ.

*Exhibit A*

8.     On January 29, 2005, and at all times material, SINAI MEDICAL GROUP by and through its employees, agents and/or ostensible agents, including, but not limited to, DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS provided medical treatment, including but not limited to obstetric, nursing and midwife care, to LOURDES CUSTODIO and MARISOL MARQUEZ, a minor.

9.     On January 29, 2005, LOURDES CUSTODIO gave birth to a female infant, minor plaintiff, MARISOL MARQUEZ.

10.    During the delivery of MARISOL MARQUEZ, MARISOL MARQUEZ developed shoulder dystocia.

11.    During the delivery of MARISOL MARQUEZ, MARISOL MARQUEZ suffered brachial plexus injury.

12.    During the delivery of MARISOL MARQUEZ, MARISOL MARQUEZ' shoulder remained entrapped for more than seven minutes.

13.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible agents, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, had a duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified obstetrical nurses, nurse midwives and obstetricians would use in cases like the Plaintiffs'.

*Exhibit A*

14.    SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had a family history of diabetes.

15.    SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had diabetes associated with the subject pregnancy.

16.    SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had two prior deliveries with large for gestational age babies.

17.    SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible agents as described above, had actual knowledge that LOURDES CUSTODIO had had two prior macrosomic babies.

18.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, SINAI MEDICAL GROUP, by and through its employees, agents, and/or ostensible agents, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, was negligent in one or more of the following respects:

    a.    Failed to adequately assess fetal weight in a mother with poorly controlled gestational diabetes;

    b.    Failed to adequately assess fetal weight in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

    c.    Failed to adequately assess fetal weight prior to delivery where prior studies showed estimated fetal weight equal to or greater than the 90th percentile and rapidly increasing;

*Exhibit A*

d.     Failed to perform a caesarean delivery of a baby when it was known, or should have been known, to be a high risk pregnancy;

e.     Failed to perform a caesarean delivery in a mother with known poorly controlled gestational diabetes;

f.     Failed to perform a caesarean delivery in a mother carrying what he knew or should have known was a large for gestational age baby;

g.     Failed to perform a caesarean delivery in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

h.     Failed to adequately supervise hospital staff to prevent attempted vaginal delivery in what he knew or should have known was a high risk pregnancy;

i.     Failed to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife in what he knew or should have known was a high risk pregnancy; and

j.     Failure to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife of what he knew or should have known was a large for gestational age baby.

19.     As a proximate result of one or more of the foregoing negligent acts or omissions of SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible employees, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, the minor Plaintiff, MARISOL MARQUEZ was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; and she has and will incur medical expenses; she has an impaired earning capacity or will be incapable of earning a living.

20.     Plaintiffs attach their affidavit and a report in compliance with 735 ILCS 5/2-622. (See Exhibit "B", attached hereto).

*Exhibit A*

WHEREFORE, Plaintiff, MARISOL MARQUEZ, by LOURDES CUSTODIO, her mother and next friend, demands judgment against defendant, SINAI MEDICAL GROUP, in an amount of money in excess of $50,000, together with the costs of this action.

## COUNT V – NEGLIGENCE
## SINAI MEDICAL GROUP

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count V of her Complaint at Law against defendant, SINAI MEDICAL GROUP, states as follows:

1-17. Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-17 of Count IV of this Complaint at Law as paragraphs 1-17 of Count V of this Complaint at Law.

18.     While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, SINAI MEDICAL GROUP, by and through its employees, agents, and/or ostensible agents, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, was negligent in one or more of the following respects:

    a.    Failed to adequately assess fetal weight in a mother with poorly controlled gestational diabetes;

    b.    Failed to adequately assess fetal weight in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

    c.    Failed to adequately assess fetal weight prior to delivery where prior studies showed estimated fetal weight equal to or greater than the 90th percentile and rapidly increasing;

    d.    Failed to perform a caesarean delivery of a baby when it was known, or should have been known, to be a high risk pregnancy;

*Exhibit A*

e.    Failed to perform a caesarean delivery in a mother with known poorly controlled gestational diabetes;

f.    Failed to perform a caesarean delivery in a mother carrying what he knew or should have known was a large for gestational age baby;

g.    Failed to perform a caesarean delivery in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

h.    Failed to adequately supervise hospital staff to prevent attempted vaginal delivery in what he knew or should have known was a high risk pregnancy;

i.    Failed to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife in what he knew or should have known was a high risk pregnancy; and

19.    As a proximate result of one or more of the foregoing negligent acts or omissions of SINAI MEDICAL GROUP, by and through its agents, employees and/or ostensible agents, including but not limited to DR. LAMPLEY, BARBARA ALIF, CHIDINMA ONYEACHONAM, and TUNISIA EVANS, LOURDES CUSTODIO was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

20.    Plaintiffs attach their affidavit and a report in compliance with 735 ILCS 5/2-622. (See Exhibit "B", attached hereto).

WHEREFORE, Plaintiff, LOURDES CUSTODIO, demands judgment against defendant, SINAI MEDICAL GROUP, in an amount of money in excess of $50,000, together with the costs of this action.

### COUNT VI

*Exhibit A*

## FAMILY EXPENSE ACT SINAI MEDICAL GROUP

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count VI of her Complaint at Law against defendant, SINAI MEDICAL GROUP, states as follows:

1-20.  The Plaintiff, LOURDES CUSTODIO restates and incorporates by reference paragraphs 1-20 of Count IV of this Complaint at Law as paragraphs 1-20 of Count VI of this Complaint at Law.

21.    Plaintiff, MARISOL MARQUEZ is a minor and plaintiff, LOURDES CUSTODIO, is her lawful parent and legal guardian and as such has become liable for substantial medical and care-taking expenses arising out of MARISOL MARQUEZ' injuries.  The above-referenced expenses are expenses within the meaning of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, plaintiff, LOURDES CUSTODIO, individually, demands judgment against defendant, SINAI MEDICAL GROUP, in an amount of money in excess of $50,000 together with the costs of this action.

### COUNT VII
### NEGLIGENCE
### E. CHARLES LAMPLEY, M.D.

NOW COMES plaintiff, MARISOL MARQUEZ, a minor, by LOURDES CUSTODIO, her mother and next friend, and for Count VII of her Complaint at Law against defendant, E. CHARLES LAMPLEY, M.D., states as follows:

1.    On January 29, 2005, and at all times material, DR. LAMPLEY, was a physician licensed to practice medicine in all of its branches by the State of Illinois.

*Exhibit A*

2.      On January 29, 2005, and at all times material, DR. LAMPLEY was a member of the medical staff at MOUNT SINAI HOSPITAL and SINAI MEDICAL GROUP.

3.      On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL undertook to and did, grant certain hospital privileges to certain physicians, including DR. LAMPLEY.

4.      On January 29, 2005, and at all times material, DR. LAMPLEY was a family practice physician, and held himself out to the plaintiffs and the public generally to be a specialist in obstetrics.

5.      On January 27, 2005, LOURDES CUSTODIO was admitted to MOUNT SINAI HOSPITAL as an obstetrics patient.

6.      On January 29, 2005, LOURDES CUSTODIO gave birth to a female infant, the plaintiff, MARISOL MARQUEZ.

7.      On and before January 29, 2005, and at all times material, LOURDES CUSTODIO was under the care of DR. LAMPLEY, during the pregnancy, labor and delivery.

8.      At all relevant times, DR. LAMPLEY was acting as an employee, agent, and/or ostensible agent of MOUNT SINAI HOSPITAL and/or SINAI MEDICAL GROUP while treating LOURDES CUSTODIO and MARISOL MARQUEZ.

9.      While providing medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, DR. LAMPLEY had a duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified obstetricians would use in cases like the plaintiffs'.

*Exhibit A*

10.    DR. LAMPLEY had actual knowledge that LOURDES CUSTODIO had a family history of diabetes.

11.    DR. LAMPLEY had actual knowledge that LOURDES CUSTODIO had diabetes associated with the subject pregnancy.

12.    DR. LAMPLEY had actual knowledge that LOURDES CUSTODIO had two prior deliveries with large for gestational age babies.

13.    Dr. LAMPLEY had actual knowledge that LOURDES CUSTODIO had had two prior macrosomic babies.

14.    That while providing medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, DR. LAMPLEY was negligent in one or more of the following respects:

a.    Failed to adequately assess fetal weight in a mother with poorly controlled gestational diabetes;

b.    Failed to adequately assess fetal weight in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

c.    Failed to adequately assess fetal weight prior to delivery where prior studies showed estimated fetal weight equal to or greater than the 90th percentile and rapidly increasing;

d.    Failed to perform a caesarean delivery of a baby when it was known, or should have been known, to be a high risk pregnancy;

e.    Failed to perform a caesarean delivery in a mother with known poorly controlled gestational diabetes;

f.    Failed to perform a caesarean delivery in a mother carrying what he knew or should have known was a large for gestational age baby;

g.    Failed to perform a caesarean delivery in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

*Exhibit A*

h.  Failed to adequately supervise hospital staff to prevent attempted vaginal delivery in what he knew or should have known was a high risk pregnancy;

i.  Failed to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife in what he knew or should have known was a high risk pregnancy; and

j.  Failure to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife of what he knew or should have known was a large for gestational age baby.

15.  As a proximate result of one or more of the foregoing negligent acts or omissions of DR. LAMPLEY the minor Plaintiff, MARISOL MARQUEZ was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

16.  Plaintiffs attach their affidavit and a report in compliance with 735 ILCS 5/2-622. (See Exhibit "C", attached hereto).

WHEREFORE, Plaintiff, MARISOL MARQUEZ, a minor, by LOURDES CUSTODIO, her mother and next friend, demands judgment against the Defendant, DR. E. CHARLES LAMPLEY, in an amount of money in excess of $50,000 together with the costs of this action.

### COUNT VIII
### NEGLIGENCE
### E. CHARLES LAMPLEY, M.D.

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count VIII of her Complaint at Law against defendant, E. CHARLES LAMPLEY, M.D., states as follows:

*Exhibit A*

1-13. Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-13 of Count VII of this Complaint at Law as paragraphs 1-13 of Count VIII of this Complaint at Law.

14.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, DR. LAMPLEY was negligent in one or more of the following respects:

a.    Failed to adequately assess fetal weight in a mother with poorly controlled gestational diabetes;

b.    Failed to adequately assess fetal weight in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

c.    Failed to adequately assess fetal weight prior to delivery where prior studies showed estimated fetal weight equal to or greater than the 90th percentile and rapidly increasing;

d.    Failed to perform a caesarean delivery of a baby when it was known, or should have been known, to be a high risk pregnancy;

e.    Failed to perform a caesarean delivery in a mother with known poorly controlled gestational diabetes;

f.    Failed to perform a caesarean delivery in a mother carrying what he knew or should have known was a large for gestational age baby;

g.    Failed to perform a caesarean delivery in a mother with a history of multiple prior deliveries of large for gestational age babies weighing greater than 4,000 grams;

h.    Failed to adequately supervise hospital staff to prevent attempted vaginal delivery in what he knew or should have known was a high risk pregnancy;

i.    Failed to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife in what he knew or should have known was a high risk pregnancy; and

*Exhibit A*

j.      Failure to adequately supervise hospital staff by permitting plaintiff's delivery to be attended by a certified nurse midwife of what he knew or should have known was a large for gestational age baby.

15.     As a proximate result of one or more of the foregoing negligent acts or omissions of DR. LAMPLEY, LOURDES CUSTODIO was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

16.     Plaintiffs attach their affidavit and a report in compliance with 735 ILCS 5/2-622. (See Exhibit "C", attached hereto).

WHEREFORE, Plaintiff, LOURDES CUSTODIO, demands judgment against defendant, DR. LAMPLEY, in an amount of money in excess of $50,000, together with the costs of this action.

## COUNT IX
## FAMILY EXPENSE ACT
## E. CHARLES LAMPLEY, M.D.

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count IX of her Complaint at Law against defendant, E. CHARLES LAMPLEY, M.D., states as follows:

1-16.   The Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-16 of Count VII of this Complaint at Law as paragraphs 1-16 of Count IX of this Complaint at Law.

17.     That the Plaintiff, MARISOL MARQUEZ is a minor and Plaintiff, LOURDES CUSTODIO is her lawful parent and legal guardian and as such has become liable for substantial medical and care-taking expenses arising out of MARISOL

*Exhibit A*

MARQUEZ' injuries.  The above-referenced expenses are expenses within the meaning of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, plaintiff, LOURDES CUSTODIO, demands judgment against the Defendant, DR. E. CHARLES LAMPLEY, in an amount of money in excess of $50,000 together with the costs of this action.

**COUNT X**
**NEGLIGENCE**
**BARBARA ALIF, C.N.M.**

NOW COMES plaintiff, MARISOL MARQUEZ, a minor, by LOURDES CUSTODIO, her mother and next friend, and for Count X of her Complaint at Law against defendant, BARBARA ALIF, C.N.M., states as follows:

1.    On January 29, 2005, and at all times material, BARBARA ALIF, C.N.M., was a certified nurse midwife licensed in the midwife practice in all of its branches by the State of Illinois.

2.    On January 29, 2005, and at all times material, BARBARA ALIF, C.N.M. was a member of the medical staff at MOUNT SINAI HOSPITAL.

3.    On January 29, 2005, and at all times material, MOUNT SINAI HOSPITAL undertook to and did, grant certain hospital privileges to certain certified nurse midwives, including BARBARA ALIF, C.N.M.

4.    On January 29, 2005, and at all times material, BARBARA ALIF, C.N.M. was a certified nurse midwife, and held herself out to the plaintiffs and the public generally to be a specialist in the midwife practice.

5.    On January 27, 2005, LOURDES CUSTODIO was admitted to MOUNT SINAI HOSPITAL as an obstetrics patient.

*Exhibit A*

6.    On January 29, 2005, LOURDES CUSTODIO gave birth to a female infant, plaintiff, MARISOL MARQUEZ.

7.    On and before January 29, 2005, and at all times material, LOURDES CUSTODIO was under the care of BARBARA ALIF, C.N.M., during the labor and delivery.

8.    At all relevant times, BARBARA ALIF, C.N.M. was acting as an employee, agent, and/or ostensible agent of MOUNT SINAI HOSPITAL while treating LOURDES CUSTODIO and MARISOL MARQUEZ.

9.    While providing midwife care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, BARBARA ALIF, C.N.M. had a duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified midwives would use in cases like plaintiffs'.

10.    BARBARA ALIF, C.N.M. had actual knowledge that LOURDES CUSTODIO was a high risk patient.

11.    BARBARA ALIF, C.N.M. had actual knowledge that LOURDES CUSTODIO was a patient in preterm labor.

12.    BARBARA ALIF, C.N.M. had actual knowledge that LOURDES CUSTODIO had a family history of diabetes.

13.    BARBARA ALIF, C.N.M. had actual knowledge that LOURDES CUSTODIO had diabetes associated with the subject pregnancy.

14.    BARBARA ALIF, C.N.M. had actual knowledge that LOURDES CUSTODIO had two prior deliveries with large for gestational age babies.

*Exhibit A*

15.    BARBARA ALIF, C.N.M. had actual knowledge that LOURDES CUSTODIO had had two prior macrosomic babies.

16.    That while providing medical and obstetrical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, BARBARA ALIF, C.N.M. was negligent in one or more of the following respects:

a.    Assumed management of a high risk pregnancy (history of large for gestastational age deliveries-macrosomia x2; Medication dependent diabetic; presents with pre-term labor @35 wks);

b.    Failed to adequately assess estimated fetal weight in a patient with a history of large for gestational age deliveries-macrosomia x2;

c.    Failed to co-manage the labor with an obstetrician;

d.    Attempted delivery in a high risk pregnancy;

e.    Attempted delivery of a fetus that she knew or should have known was large for gestational age;

f.    Failed to possess the requisite knowledge and training for management of labor and delivery of a high risk patient;

g.    Failed to possess the requisite knowledge and training for management of labor and delivery of a patient with history of large for gestational age deliveries-macrosomia, medication dependent diabetic, pre-term labor;

h.    Failed to timely diagnose and treat secondary arrest of labor;

i.    Failed to possess requisite knowledge and training for management of secondary arrest of labor;

j.    Failed to timely diagnose shoulder dystocia; and

k.    Failed to possess requisite knowledge and training for treatment of shoulder dystocia;

17.    As a proximate result of one or more of the foregoing negligent acts or omissions of BARBARA ALIF, C.N.M. the minor Plaintiff, MARISOL MARQUEZ was severely injured; she has been injured both internally and externally; she is permanently

*Exhibit A*

disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

18.    Plaintiffs attach their affidavit and a report in compliance with 735 ILCS 5/2-622. (See Exhibit "D", attached hereto).

WHEREFORE, Plaintiff, MARISOL MARQUEZ, a minor, by LOURDES CUSTODIO, her mother and next friend, demands judgment against the Defendant, BARBARA ALIF, C.N.M., in an amount of money in excess of $50,000 together with the costs of this action.

**COUNT XI**
**NEGLIGENCE**
**BARBARA ALIF, C.N.M.**

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count XI of her Complaint at Law against defendant, BARBARA ALIF, C.N.M., states as follows:

1-15. Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-15 of Count X of this Complaint at Law as paragraphs 1-15 of Count XI of this Complaint at Law.

16.    While providing medical care and treatment to LOURDES CUSTODIO and MARISOL MARQUEZ, BARBARA ALIF, C.N.M. was negligent in one or more of the following respects:

a.    Assumed management of a high risk pregnancy (history of large for gestastational age deliveries-macrosomia x2; Medication dependent diabetic; presents with pre-term labor @35 wks);

b.    Failed to adequately assess estimated fetal weight in a patient with a history of large for gestational age deliveries-macrosomia x2;

c.    Failed to co-manage the labor with an obstetrician;

*Exhibit A*

d.   Attempted delivery in a high risk pregnancy;

e.   Attempted delivery of a fetus that she knew or should have known was large for gestational age;

f.   Failed to possess the requisite knowledge and training for management of labor and delivery of a high risk patient;

g.   Failed to possess the requisite knowledge and training for management of labor and delivery of a patient with history of large for gestastional age deliveries-macrosomia, medication dependent diabetic, pre-term labor;

h.   Failed to timely diagnose and treat secondary arrest of labor;

i.   Failed to possess requisite knowledge and training for management of secondary arrest of labor;

j.   Failed to timely diagnose shoulder dystocia; and

k.   Failed to possess requisite knowledge and training for treatment of shoulder dystocia;

17.   As a proximate result of one or more of the foregoing negligent acts or omissions of BARBARA ALIF, C.N.M., LOURDES CUSTODIO was severely injured; she has been injured both internally and externally; she is permanently disfigured and disabled; she has and will experience pain and suffering; she has and will incur medical expenses; and she has an impaired earning capacity or will be incapable of earning a living.

18.   Plaintiffs attach their affidavit and a report in compliance with 735 ILCS 5/2-622. (See Exhibit "D", attached hereto).

WHEREFORE, Plaintiff, LOURDES CUSTODIO, demands judgment against defendant, BARBARA ALIF, C.N.M., in an amount of money in excess of $50,000, together with the costs of this action.

*Exhibit A*

**COUNT XII**
**FAMILY EXPENSE ACT**
**BARBARA ALIF, C.N.M.**

NOW COMES plaintiff, LOURDES CUSTODIO, and for Count XII of her Complaint at Law against defendant, BARBARA ALIF, C.N.M., states as follows:

1-18.   The Plaintiff, LOURDES CUSTODIO, restates and incorporates by reference paragraphs 1-18 of Count X of this Complaint at Law as paragraphs 1-18 of Count XII of this Complaint at Law.

19.   That the Plaintiff, MARISOL MARQUEZ is a minor and Plaintiff, LOURDES CUSTODIO is her lawful parent and legal guardian and as such has become liable for substantial medical and care-taking expenses arising out of MARISOL MARQUEZ' injuries. The above-referenced expenses are expenses within the meaning of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, plaintiff, LOURDES CUSTODIO, demands judgment against the Defendant, BARBARA ALIF, C.N.M., in an amount of money in excess of $50,000 together with the costs of this action.

_____
One of Plaintiff's Attorneys

Robert M. Romero, P.C.
Two Prudential Plaza
180 N. Stetson Ave. Suite 3150
Chicago IL 60601
(312) 856-0600
Attorney for Plaintiff
Atty. No. 43664

*Exhibit A*

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Marisol Marquez, a minor, by Lourdes Custodio, her mother and next friend, et al. v. Sinai Medical Group, et al.*, No. 2008-L-004510 (Circuit Court of Cook County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendants E. Charles Lampley, M.D., and Barbara Alif, C.N.M., were acting within the scope of their employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, E. Charles Lampley, M.D., and Barbara Alif, C.N.M., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: August 27, 2008

*Exhibit B*